**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CARL SIMMONS** | Civil No.        09cv0523 BEN (PCL) |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |
| **SUZAN L. HUBBARD, Warden**, | |
| Respondents. | |

**I.**

**INTRODUCTION**

Petitioner Carl Simmons ("Petitioner") has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 1996 conviction for various sex crimes in Santa Barbara Superior Court case number 214013. (Doc. No. 9; Lodgment 1 at 1.) On July 30, 2009, the undersigned ordered Respondent to file a response to the Petition. (Doc. No. 10.) On September 3, 2009, Respondent filed a motion to dismiss the petition, arguing that the Petition was filed beyond the statute of limitations and that the Petition contained unexhausted claims. (Doc. No. 13.)

The Court has considered the Petition, Respondent's Motion to Dismiss and Memorandum of Points and Authorities in Support of the Motion to Dismiss, Petitioner's Response in Opposition to the Motion to Dismiss, the lodgments submitted by Respondent, and all the supporting documents submitted by Petitioner in support of his Opposition. Based upon the documents and evidence presented in this case, and for the reasons set forth below, the Court recommends the Motion to Dismiss be **GRANTED.**

1

## II.

## PROCEDURAL BACKGROUND

Petitioner was convicted of five sex offenses along with transactionally-related false imprisonment and cocaine possession counts, all arising from one incident and involving one victim, following a jury trial in Santa Barbara County Superior Court. (Lodgment 1, 1.)   Based upon the facts surrounding the conviction, the trial court sentenced Petitioner to a total term of 27 years and four months to life in prison, to be served consecutive to an indeterminate term of 15 years to life. (Lodgment 1, 1-2.)

Petitioner timely appealed and on February 17, 1998, the Court of Appeal, Second Appellate District, affirmed the judgment and sentence in an unpublished opinion. (Lodgment 1.) Petitioner then appealed the judgment to the California Supreme Court on March 18, 1998. (Lodgment 2.)   The California Supreme Court summarily denied the petition for review on April 29, 1998. (Lodgment 3.)

Petitioner filed his first state habeas petition in the California Supreme Court on June 14, 2000.[1] (Lodgment 4.)   In that petition, Petitioner constructively raised nine claims including ineffective assistance of counsel, various trial errors and improper sentencing.[2]   (Id.) On October 25, 2000, the California Supreme Court denied that petition in a summary order.  (Lodgment 5.)

Thereafter, on May 12, 2008,[3]  Petitioner began his second round of habeas petitions in the

---

[1]  For purposes of calculating AEDPA's limitation period the "mailbox rule" applies to both the pro se prisoner's federal habeas petition and the state court habeas petition that began the period of tolling.  See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (applying  Houston v. Lack, 487 U.S. 266, 276 (1988), in which  the Supreme Court held that a notice of appeal by a pro se prisoner is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of court); see also Huizar v. Carey, 273 F.3d 1220 (9th Cir. 2001)(holding that mailbox rule applies even if document is never actually filed as long as prisoner diligently follows up once he has failed to receive a disposition from the court).

[2]On its face, the Petition for Writ of Habeas Corpus filed in the California Supreme Court on June 14, 2000 raised 29 separate grounds for relief.  (See Lodgment 4.)  However, the petition appears to list various amendments to the U.S. Constitution, articles from the United Nation's Universal Declaration of Human Rights, and numerous sections of the California Constitution as grounds for relief. (Id.) As such, this Court determines that Petition constructively raises nine claims in this Petition.

[3]  Although the signature on the last page of the Petition states March 20, 1998 as the date of the Petition (Lodgment 6, 4), the Court determines the date on the Verification page is controlling as the filing date for this Petition.  As such, for purposes of tolling of the statute of limitations, this petition was filed on May 12, 2008.  (Lodgment 6, 5.)

California Court of Appeal by raising two claims: 1) a notice that Petitioner appealed the conviction from 1996; and 2) a claim that the trial court failed to conduct a hearing on Petitioner's challenge to jury composition. (Lodgment 6.) The court did not find merit in these arguments and denied the petition on May 22, 2008. (Lodgment 7.)

Petitioner continued his collateral review in the California Supreme Court by filing a habeas petition on May 29, 2008.[4] (Lodgment No. 8.) The California Supreme Court denied the petition in a summary opinion citing In re Robbins (1998) 18 Cal.4th 770, 780; In re Swain (1949) 34 Cal.2d 300, 304; and In re Dexter (1979) 25 Cal.3d 921[5] on September 10, 2008. (Lodgment 9.)

Petitioner filed an initial Petition for Writ of Habeas Corpus in this Court on March 12, 2009. (Doc. No. 1.) However, Petitioner's initial Petition as well as his First Amended Petition for Writ of Habeas Corpus were dismissed for failure to pay the appropriate filing fee and for failure to state cognizable claims for relief, respectively. (Doc. Nos. 2; 8.) Petitioner then filed a Second Amended Petition on July 13, 2009.[6] (Doc. No. 9.) In response to this Court's Order of July 30, 2009, Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus on September 3, 2009, arguing Petition's federal petition exceeded the allowable statute of limitations period for filing and contained unexhausted claims. (Doc. No. 13, 2.) Petitioner filed a series of documents on September 18, 2009 which the Court accepted as a Response in Opposition to the Motion to Dismiss on September 30, 2009. (Doc. No. 18.)

---

[4] Petitioner's habeas petition filed in the California Supreme Court was received by the Court on May 29, 2008 but bears a date of March 20, 1998 as the date of signature by Petitioner. Under the rule cited in Footnote 2, *supra*, the Petition is ordinarily deemed "filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of court." However, the date of Petitioner's signature will not be deemed the date of filing because the attachments to the Petition include a letter from the United States District Court for the Southern District of California dated May 20, 2008. (Lodgment 8, 8.) Under common sense principles, Petitioner cannot have delivered the Petition to prison authorities before the date of the letter from the Southern District of California. As such, the date stamped by the California Supreme Court will be accepted as the date of filing of this petition.

[5] A court's citation to In re Dexter (1979) 25 Cal.3d 921, means that the petitioner has failed to exhaust his administrative remedies and thus "will not be afforded judicial relief." Dexter, 25 Cal.3d at 925. Moreover, a citation to In re Robbins indicates the court dismissed the petition as untimely. See Thorson v. Palmer, 479 F.3d 643, 644-45 (9th Cir. 2007) (concluding that the California Supreme Court's citation to Robbins was "a clear ruling that [the] petition was untimely").

[6] The Court relies on Petitioner's Second Amended Petition (Doc. No. 9) in analyzing Petitioner's claims. However, the petition's original pagination is erratic and incomplete. (See Doc. No. 9.) Therefore, for clarity, the Court's citations refer to the page numbers assigned by the docketing clerk.

### III.

### DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner has one year from the date his or her conviction is final to file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254.  See 28 U.S.C. § 2244(d); see also Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997) (overruled in part on other grounds, Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc)).  The one-year limitations period begins to run from the latest of four possible dates outlined in sections 2244(d)(1)(A) through (D).  As amended by section 101 of AEDPA, 28 U.S.C. § 2244 now provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d) (LEXIS 2008).    The statute of limitations, however, is subject to both statutory and equitable tolling.  See 28 U.S.C. § 2244(d)(1); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997).  The Court finds Petitioner is entitled to no statutory tolling during the applicable limitation period and he is not entitled to any equitable tolling.  His Petition is therefore untimely and the Court recommends it be **DISMISSED** with prejudice.

### A.    **Commencement of the One-Year Statute of Limitations**

Petitioner's direct appeal was denied by the California Supreme Court on April 29, 1998. (Lodgment No. 3.)  Thus, including the ninety days within which Petitioner could have pursued his appeal in the California Supreme Court by filing a petition for writ of review,  his conviction became final on July 29, 1998.  See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Absent any statutory or equitable tolling, Petitioner had until July 29, 1999 to file his federal habeas petition.  28

1    U.S.C. § 2244(d).

2    **B.      Statutory Tolling**

3              28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for

4    State post-conviction or other collateral review . . .is pending shall not be counted toward any period

5    of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  Petitioner constructively filed his first

6    state habeas petition on June 14, 2000.  (Lodgment 4); see Anthony v. Cambra, 236 F.3d 568, 575 (9th

7    Cir. 2000).  The Supreme court denied the petition on October 25, 2000.  (Lodgment 5.)  In California,

8    Petitioners are entitled to statutory tolling for the period between the denial of a habeas petition and the

9    filing of a new habeas petition in a higher court so long as the petition is timely.  Evans v. Chavis, 546

10   U.S. 189, 192 (2006).  Petitioner filed his first state habeas petition in the California Supreme Court on

11   June 14, 2000. (Lodgment 4.)  Therefore, Petitioner's first  round of habeas petitions in state court was

12   concluded on October 25, 2000.  (Lodgment 3.)   Petitioner has not alleged he is entitled to statutory

13   tolling between his first round of habeas petitions and the end of the second round of habeas petitions

14   in state court.[7]  However, the Court need not decide this question because even if the Court credits

15   Petitioner with the time between his rounds of state habeas petitions, his federal petition is still not saved

16   by statutory tolling.  Petitioner's first petition in state court was not filed until June 14, 2000; almost one

17   year after his limitation period had expired for filing a federal petition.   During that period, no tolling

18   can be applied because no state habeas petition was "pending."  See Evans, 546 U.S. at 198.  Thus, by

19   the time Petitioner filed his habeas corpus petition in the California Supreme Court in June of 2000, the

20   statute of limitations for filing his federal habeas petition had run.  His federal petition can therefore

21   only be timely if he is eligible for sufficient equitable tolling to make his July 13, 2009 federal habeas

22   petition timely.

23   **C.      Equitable tolling**

24             "To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his

25   rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely

26   filing."  Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408,

27   

28             [7]Petitioner filed a second state habeas petition on May 12, 2008 in the California Court of
     Appeal.  (Lodgment 6; *supra* at 3.)

                                                          5

418 (2005)).  Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

Petitioner does not make a claim for equitable tolling in this case.  However, even if the Court were to liberally construe Petitioner's claims, no claim even hints at circumstances that would amount to equitable tolling of the statute of limitations.[8]  As noted from the procedural history of this case, Petitioner waited over one year from the date his conviction became final to file his first state habeas petition.  (Lodgment 4.)  The Court is not able to find, in the voluminous and erratic documents filed with the pleadings, any circumstances which indicate Petitioner encountered extraordinary circumstances during the relevant period such that equitable tolling is warranted to toll the statute of limitations.  As such, the Court recommends Petitioner's Petition for Writ of Habeas Corpus be DISMISSED.

## IV.

## CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge Roger T. Benitez under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c)(1)(c) of the United States District Court for the Southern District of California. For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order:  (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered GRANTING the Motion to Dismiss and dismissing the Petition with prejudice.

**IT IS ORDERED** that no later than **November 20, 2009,** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

---

[8]Petitioner submits one Administrative Segregation Unit Placement Notice among the numerous documents in support of his Second Amended Petition for Writ of Habeas corpus.  (Doc. No. 9-2, 30.) This document states that on May 12, 2009, Petition arrived at Wasco State Prison and was placed in Administrative Segregation due to unavailable appropriate housing. (Id.) While this may constitute a cognizable claim for equitable tolling, the Court declines to analyze the merits of such claim because this event occurred in 2009, approximately 10 years after the statute of limitations period had run in Petitioner's case.  Therefore, this incident is not relevant to tolling of the statute of limitations in Petitioner's case.

1

2

3        **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and

4  served on all parties no later than **<u>December 4, 2009</u>**.  The parties are advised that failure to file

5  objections within the specified time may waive the right to raise those objections on appeal of the

6  Court's order.  <u>See</u> <u>Turner  v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d

7  1153, 1156 (9th Cir. 1991).

8  DATED: <u>October 30, 2009</u>

9                                     Peter C. Lewis

                                     U.S. Magistrate Judge

10                                 United States District Court

11  cc:      The Honorable Roger T. Benitez

            All Parties and Counsel of Record

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7