FILED
2010 JUN 28 AM 8:22
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL SIMMONS,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>SUSAN L. HUBBARD, Warden,<br><br>　　　　　　Respondent. | CASE NO. 09cv0523 BEN (PCL)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS AND DENYING CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

Petitioner Carl Simmons filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1996 conviction in Santa Barbara Superior Court case number 214013. Respondent moved to dismiss the petition as time-barred by the statute of limitations. Dkt. No. 13. Magistrate Judge Peter C. Lewis issued a thoughtful and thorough Report and Recommendation recommending Respondent's motion be granted and the Petition be dismissed. Dkt. No. 24. Simmons has filed Objections. Dkt. No. 27. Having considered the parties' filings, Simmons' Objections and having reviewed the matter de novo, the Report and Recommendation is **ADOPTED** and the Petition is **DISMISSED**.

//

## BACKGROUND

In 1996, Simmons was convicted in Santa Barbara Superior Court of five sex offenses and related false imprisonment and cocaine possession counts. Simmons was sentenced to 27 years and four months with a consecutive term of 15 years to life. Simmons timely appealed and on February 17, 1998, the California Court of Appeal, Second District, affirmed the judgment and sentence. On March 18, 1998, Simmons filed an appeal with the California Supreme Court and on April 29, 1998 the California Supreme Court denied his petition for review.

More than two years later, Simmons filed his first state habeas corpus petition in the California Supreme Court on June 14, 2000. That petition was denied by the California Supreme Court on October 25, 2000. On May 12, 2008, almost eight years later, Simmons filed another state habeas petition in the California Court of Appeal. That petition was denied on May 22, 2008. Simmons' subsequent petition to the California Supreme Court, filed on May 29, 2008, was denied on September 10, 2008.

Simmons filed his initial Petition for Writ of Habeas Corpus before this Court on March 12, 2009.

## DISCUSSION

"Because [Simmons] filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its provisions apply." *Little v. Crawford*, 449 F.3d 1075, 1079 (9th Cir. 2006) (citing *Woodford v. Garceau*, 538 U.S. 202, 207 (2003)). AEDPA imposes a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Simmons' conviction became final, and the statute of limitations began to run, on July 29, 1998 — 90 days after the California Supreme Court denied his direct appeal. Absent statutory or equitable tolling, Simmons had until July 29, 1999 to file his federal habeas petition. Simmons' federal Petition was filed more than nine years after this date and, as discussed more fully below, equitable and statutory tolling do not save the Petition.

I.     **Statutory Tolling**

AEDPA's one-year statute of limitations is tolled for the time "a properly filed application for state-post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). AEDPA's statute of limitations expired almost a year before Simmons first state habeas petition was filed on

June 14, 2000. Simmons is not entitled to statutory tolling because the statute of limitations expired before he filed his first state habeas petition. Absent equitable tolling, Simmons' federal petition is barred by the statute of limitations.

## II. Equitable Tolling

"[E]quitable tolling is justified in few cases, [and] the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Shannon v. Newland,* 410 F.3d 1083, 1090 (9th Cir. 2005) (quoting *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003)). Equitable tolling under AEDPA is only available if Simmons establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner has not filed anything indicating he encountered any extraordinary circumstances to justify equitable tolling during the relevant period. Accordingly, Simmons is not entitled to equitable tolling and his petition is barred by the one-year statute of limitations.

## III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 foll. 28 U.S.C. § 2254. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a petition on procedural grounds, "the court must decide whether jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Lambright v. Stewart,* 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). For the reasons set forth in the Report and Recommendation and adopted herein, Petitioner has not made a substantial showing of the denial of a constitutional right, nor can the Court find that jurists of reason would find the Court's procedural ruling debatable. Accordingly, the Court **DENIES** a certificate of appealability.

//

//

**IV.     Additional Motion**

While the Report and Recommendation was pending, Simmons filed an additional motion challenging the Court's rejection of improperly submitted documents and requesting the entry of default judgment. Dkt. No. 45. The documents in question were properly rejected and default judgment is not an available remedy in this case. Accordingly, that motion will be **DENIED**.

## CONCLUSION

After a de novo review and consideration of Simmons' Objections, the Court fully **ADOPTS** Judge Lewis' Report and Recommendation, **DISMISSES** the Petition, and **DENIES** a certificate of appealability. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: June 25, 2010

Hon. Roger T. Benitez
United States District Judge